IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KING MIGUEL EDDIE CRAYTON,<br>Plaintiff,<br><br>v.<br><br>CHESTERFIELD COUNTY POLICE DEPARTMENT,[1]<br>Defendant. | Civil Action No. 3:26CV80 (RCY) |

**MEMORANDUM OPINION**

On February 2, 2026, Plaintiff King Miguel Eddie Crayton ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"),[2] along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Based on the financial information set forth in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, will be **GRANTED**, and the Clerk will be **DIRECTED** to file Plaintiff's Complaint. However, the Court finds that Plaintiff's Complaint suffers from defects that must be addressed before this action may proceed.

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See*

[1] On the docket for this case, Erin B. Barr is listed as the Defendant based on Plaintiff having named this individual as the party to whom service should be directed. Upon review of the Complaint, however, it is apparent that the Chesterfield County Police Department ("CCPD") is the intended Defendant, and so the Court names CCPD in the case caption, accordingly.

[2] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to this statutory screening obligation, the Court has reviewed Plaintiff's Complaint.

## I. BACKGROUND

On October 4, 2026, Plaintiff was pulled over by Chesterfield County Police Officer Hutchison. Proposed Compl. 5, ECF No. 1-1. Plaintiff states his vehicle was surrounded by several officers, including Officer Whitley, Officer Mathews, and Officer Granado. *Id.* Plaintiff claims to be a sovereign citizen, and alleges that by asserting jurisdiction over him, Officer Hutchison breached a contract and forced Plaintiff into a contract under duress. *Id.* Plaintiff states that "Mr. Hutchison escalated the traffic violation into a violent altercation" and that Plaintiff was afraid for his life. *Id.* Plaintiff states he was harassed, terrorized and assaulted, and then taken to jail against his will. *Id.*

Plaintiff states that on October 19, 2025, he contacted the Chesterfield County Police Department ("CCPD") and informed them of the rights and statutes that protect his rights as a private citizen and also sent CCPD a "Letter of Breach of Contract." *Id.* CCPD allegedly did not respond in a timely manner. *Id.* Some time later, Captain Jessica L. Sidell responded to Plaintiff and stated that the CCPD officers did not do anything wrong. *Id.*

Based on the factual allegations summarized above, Plaintiff asserts several claims for various Constitutional violations and a state law breach of contract claim.

## II. ANALYSIS

To the extent that Plaintiff claims that Defendant violated his Constitutional rights, § 1983 creates the cause of action by which a person who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law can recover. 42 U.S.C. § 1983; *see Briggs v. Waters*, 455 F. Supp. 2d 508, 518 (E.D. Va. 2006). Here, Plaintiff identifies one defendant in his Complaint: Chesterfield County Police Department ("CCPD"). *See* Compl. 1, ECF No. 1-1. However, CCPD is "an improper party . . . as [CCPD] is not an entity capable of being sued." *Lucas v. Henrico Cnty. Pub. Sch. Bd.*, 2019 WL 5791343, at *3 (E.D. Va. Nov. 6, 2019). Courts regularly dismiss § 1983 claims against departments of municipal bodies because "Virginia law does not support a direct action against a police department as an entity separate from the municipality itself." *Id.* (quoting *Hearn v. Hudson*, 549 F. Supp. 949, 952 n.1 (W.D. Va. 1982)). Accordingly, Plaintiff's § 1983 claims[3] against CCPD will be DISMISSED.

Having dismissed Plaintiff's federal claims, it is not apparent that the Court has jurisdiction over any state law claims (breach of contract or otherwise),[4] nor is it apparent that the Court should exercise its discretion to retain any state law claims following the failure of his predicate federal claim(s). *See Couch v. City of Virginia Beach*, 768 F. Supp. 3d 741, 755 (E.D. Va. 2025) (citing *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024)) (declining to continue to exercise supplemental jurisdiction over the plaintiff's remaining state law claims after dismissing the

---

[3] Notwithstanding that Plaintiff fails to state any § 1983 claim, insofar as CCPD is an improper Defendant with respect to any such claims, the Court briefly addresses Plaintiff's § 1983 claim for an alleged violation of the Contracts Clause of the U.S. Constitution. Put succinctly, there is no cause of action pursuant to § 1983 alleging state impairment of a private contract. *See Crosby v. City of Gastonia*, 635 F.3d 634, 641 (4th Cir. 2011). This claim would therefore fail, regardless of the defendant against whom it is asserted.

[4] In his Complaint, Plaintiff indicated this Court's jurisdiction was pursuant to 28 U.S.C. § 1331. Compl. 3 (Plaintiff checked the box indicating this Court's jurisdiction was based on federal question jurisdiction).

plaintiff's federal claims, noting the Fourth Circuit's general guidance for courts to so decline). Accordingly, the Court does not reach Plaintiff's state law breach of contract claims.

## III. NO SERVICE, & DENIAL OF MOTION FOR STATUS CONFERENCE

Because the Court has found that dismissal of all of Plaintiff's claims is appropriate, the Court will NOT direct the Clerk to arrange for service of the Complaint upon Defendants. The Court furthermore will DENY Plaintiff's pending Motion for Status Conference (ECF No. 1-3) as moot.

## IV. CONCLUSION

Having found that Plaintiff has not named a proper party against whom he can bring a § 1983 claim for violation of his Constitutional Rights, and that, on the face of the present Complaint, the Court lacks independent jurisdiction over any remaining state law claim, the Court finds that dismissal of this action is warranted. However, in deference to Plaintiff's *pro se* status, the Court will not yet dismiss this action. Instead, the Court will ORDER Plaintiff to SHOW CAUSE why this action should not be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 28, 2026
Richmond, Virginia